UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVILA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00646-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 13)<br><br>November 10, 2025 DEADLINE |

　　　　Pending before the Court is Plaintiff's motion for an extension of time filed on September 29, 2025. (Doc. No. 13, "Motion").  Plaintiff, who is incarcerated and proceeding pro se in this action filed under 42 U.S.C. § 1983, seeks an extension of time to respond to the Court's September 9, 2025 Screening Order (Doc. No. 12, "Screening Order").

　　　　As detailed in the Screening Order, Plaintiff's operative complaint stated a claim for battery and assault and intentional infliction of emotional distress under the Federal Tort Claims Act against the United States, and stated a *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] claim for deliberate indifference to medical care against Dr. Paltengni, but failed to state any other claim against any of the other defendants under *Bivens* or under 42

---

[1] 403 U.S. 388 (1971).

1

U.S.C. § 1983.  (*Id.* at 1-2).  The Court afforded Plaintiff three options in responding to the Screening Order: (a) file a First Amended Complaint; (b) file a "Notice Under Rule 41 and 15" stating that he intends to stand on the Complaint as screened and proceed only on those claims against the United States and Dr. Paltenghi that the Court deemed cognizable, effectively dismissing the remaining Defendants and claims deemed not cognizable without prejudice under Federal Rule of Civil Procedure 41(a)(1) and Rule 15; or (c) file a "Notice to Stand on Complaint" subject to the undersigned recommending the district court to dismiss the claims for the reasons stated in the Screening Order.  (*Id*. at 16-17),  Plaintiff was directed to deliver his response to the Screening Order to correctional officials for mailing no later than October 10, 2025.  (*Id.* at 17).

    Plaintiff seeks an unspecified extension of time to respond to the Court's Screening Order. Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the existing deadline. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff states in his Motion that due to a lock down he has been unable to buy stationary and other supplies needed to respond to the Court's Order.  (Doc. No. 13).  The Court finds good cause to grant Plaintiff a thirty (30) days further extension of time from the original deadline to respond to the Screening Order.

    Accordingly, it is **ORDERED**:

1. Plaintiff's motion for extension of time (Doc. No. 13) is GRANTED.
2. **No later than November 10, 2025,** Plaintiff shall deliver to correctional officials for mailing: (a) a First Amended Complaint; (b) a "Notice Under Rule 41 and 15" stating that he intends to stand on the Complaint as screened and proceed only on those claims against the United States and Dr. Paltenghi that the Court deemed cognizable, effectively dismissing the remaining Defendants and claims deemed not cognizable without prejudice under Federal Rule of Civil Procedure 41(a)(1) and Rule 15; or (c) a "Notice to Stand on Complaint" subject to the undersigned recommending the district court to dismiss the claims for the reasons stated in the September 9, 2025 Screening Order.

3. Plaintiff's failure to timely comply with this Order will result in the recommendation that this action be dismissed, either as a sanction for failure to comply with a court order or for failure to prosecute this action consistent with Local Rule 110.

Dated: September 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE