UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVILA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.   1:23-cv-00646-HBK (PC)<br><br>ORDER NOTING PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND 15(a) OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No.  17)<br><br>ORDER DIRECTING CLERK TO CORRECT CAPTION |

     Plaintiff Michael Davila, a federal prisoner, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,[1] and the Federal Torts Claim Act ("FTCA") on April 27, 2023.  (Doc. No. 1, "Complaint").  This case was reassigned to the undersigned on July 3, 2025.  (Doc. No. 9).  On September 9, 2025, this Court issued a screening order finding the Complaint stated the following claims but no other claims: (1) FTCA claim against the United States for assault and battery stemming from the actions of Defendants Borjas, Casanova, and Chapman after removing Plaintiff from his cell; (2) FTCA claim against the United States for battery stemming from Defendant Chapman spitting in Plaintiff's food; (3) FTCA claim against the United States for

---
[1] 403 U.S. 388 (1971).

intentional inflection of emotional distress ("IIED") stemming from the actions of Defendant Chapman while Plaintiff was in SHU; and (4) *Bivens* Eighth Amendment medical deliberate indifference claim against Defendant Dr. Paltengni in his individual capacity for failure to treat Plaintiff and/or provide him medications following Plaintiff's return to USP Atwater after his surgery for a fractured tibia. (*See generally* Doc. No. 12). Specifically, the Court found the Complaint did not state any cognizable claims against any Defendant under 42 U.S.C. § 1983; no Eighth Amendment excessive use of force claims under *Bivens* against any Defendant or unidentified Defendant; no Eighth Amendment deliberate medical indifference claim against Defendant Dr. Paltengni in his official capacity under *Bivens*; no Eighth Amendment deliberate medical indifference claims under *Bivens* against any unidentified medical staff; no sexual battery tort claims against any Defendant under the FTCA; and no negligence claims under FTCA against any Defendant. (*See id.*). The Screening Order further directed Plaintiff to elect one of three options: (1) file a first amended complaint; (2) file a "Notice under Federal Rules of Civil Procedure 41 and 15" stating his intent to stand on his Complaint as screened subject to the voluntary dismissal of the defendant(s) and other claim(s) deemed not cognizable; or (3) stand on the Complaint subject to the Court recommending dismissal of defendant(s) and claim(s) deemed not cognizable to the district court. (*Id.* at 17).

On November 10, 2025, Plaintiff filed a "Notice to Proceed on Cognizable Claims." (Doc. No. 17, "Notice"). The Notice, which is dated and signed by Plaintiff, states:

1. Plaintiff Michael A. Davila herby notifies the Court that he elects to stand alone on his complaint as screened and will proceed on the following claims (1) FTCA claim against the United States for assault and battery stemming from the actions of Defendant Borjas, Casanova, and Chapman after removing Plaintiff from his cell (2) FTCA claim against the United States for battery stemming from Defendant Chapman spitting in Plaintiff's food; (3) FTCA claim against the United States for IIED stemming from action of Defendant Chapman while Plaintiff was in SHU and (4) Bivens Eighth Amendment medical deliberate indifference claim against Defendant Dr. Palteng[n]i in his individual capacity only.

2. Plaintiff voluntarily dismisses all other claims, and defendants deemed not cognizable by the Court without prejudice.

(Doc. No. 17).

2

1   A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing
2   a notice of dismissal before the opposing party answers the complaint. Fed. R. Civ. P. 41
3   (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (See docket).
4   Further, the Ninth Circuit recognizes a party has an absolute right prior to answer or summary
5   judgment to dismiss fewer than all named defendants or claims without a court order. Pedrina v.
6   Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). Alternatively, the Court construes Plaintiff's Notice
7   as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a). Hells Canyon
8   Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is the
9   appropriate mechanism" when a party is eliminating an issue or one or more claims but not
10  completely dismissing a defendant).

11   Accordingly, it is ORDERED:

12  1. In accordance with Plaintiff's Notice, the following named Defendants are dismissed: the
13     Bureau of Prisons, Rex, Zaragoza, Borjas, Champman, J. Casanova, Koffier, N. Rojas,
14     Perez, Silva, D. Martinez, Amador-Sanchez, J. Johl and K. Officer are dismissed.
15     Additionally, Plaintiff's claims brought under 42 U.S.C. § 1983, his *Bivens* Eighth
16     Amendment excessive use of force claims against all Defendants, his *Bivens* Eighth
17     Amendment deliberate medical indifference claim against Defendant Dr. Paltengni in his
18     official capacity, his *Bivens* Eighth Amendment deliberate medical indifference claims
19     against unidentified medical staff, his FTCA sexual battery claims, and his FTCA
20     negligence claims are dismissed without prejudice by operation of law. (See Doc. No.
21     12); see also Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 15(a).
22  2. The Clerk shall correct the caption to reflect Plaintiff's voluntary dismissal of the
23     following Defendants: Bureau of Prisons, Rex, Zaragoza, Borjas, Champman, J.
24     Casanova, Koffier, N. Rojas, Perez, Silva, D. Martinez, Amador-Sanchez, J. Johl and K.
25     Officer.
26  3. Plaintiff's Complaint will proceed on the following claims: (1) FTCA claim against the
27     United States for assault and battery stemming from the actions of Defendants Borjas,
28     Casanova, and Chapman after removing Plaintiff from his cell; (2) FTCA claim against

the United States for battery stemming from Defendant Chapman spitting in Plaintiff's food; (3) FTCA claim against the United States for intentional inflection of emotional distress ("IIED") stemming from the actions of Defendant Chapman while Plaintiff was in SHU; and (4) *Bivens* Eighth Amendment medical deliberate indifference claim against Defendant Dr. Paltengni in his individual capacity only.

4. The Court will direct service of Plaintiff's Complaint by separate order.

Dated:   November 18, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE