UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVILA,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA and DR. PALTENGNI,<br>Defendants. | Case No. 1:23-cv-00646-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT DR. PALTENGNI SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>FORTY-FIVE (45) DAY DEADLINE |

Plaintiff Michael A. Davila is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action. Plaintiff's complaint proceeds on: (1) Federal Tort Claims Act ("FTCA") claims against the United States arising from the alleged assault and battery by Defendants Borjas, Casanova, and Chapman after Plaintiff was removed from his cell; (2) an FTCA battery claim based on Defendant Chapman allegedly spitting in Plaintiff's food; (3) an FTCA claim for intentional infliction of emotional distress based on Defendant Chapman's conduct while Plaintiff was in SHU; and (4) a *Bivens* claim against Defendant Dr. Paltengni, in his individual capacity, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

On March 12, 2026, the Court directed the United States Marshal to serve defendants. (Doc. 25). Under Federal Rule of Civil Procedure 4(m), the Court may dismiss an unserved defendant within 90 days unless the plaintiff shows good cause for the failure to serve or provides

information that permits service.

A plaintiff proceeding *in forma pauperis* may rely on the U.S. Marshal for service. Fed. R. Civ. P. 4(c)(3). However, the plaintiff must provide sufficient and accurate information to identify and locate each defendant. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

The Marshal attempted to serve Dr. Paltengni at USP Atwater using the information Plaintiff provided. The Marshal was informed that Dr. Paltengni retired approximately two years earlier and could not locate a last-known address. The summons and complaint were therefore returned as unexecuted. (Doc. 30).

Plaintiff must show good cause why Dr. Paltengni should not be dismissed. Alternatively, Plaintiff may provide additional information that would help the Marshal locate and serve Dr. Paltengni, such as a current or last-known address, employer, or other identifying information.

Accordingly, IT IS ORDERED:

1. Within 45 days after service of this order, Plaintiff must either: (a) show cause why Defendant Dr. Paltengni should not be dismissed from this action; or (b) provide additional information that will allow the U.S. Marshal to serve Dr. Paltengni.
2. If Plaintiff does not respond, or does not show good cause, or provide sufficient service information, the Court may dismiss Dr. Paltengni from this action without prejudice under Federal Rule of Civil Procedure 4(m).

Dated: August 17, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE