UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVILA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and DR. PALTENGNI,<br><br>Defendants. | Case No. 1:23-cv-00646-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE ORDER TO SHOW CAUSE<br><br>DECEMBER 20, 2026 DEADLINE<br><br>ORDER DIRECTING BOP TO SEARCH FOR LAST KNOWN ADDRESS FOR DR. PALTENGNI<br><br>14-DAY DEADLINE |

On October 15, 2026, Plaintiff moved for an extension of time to respond to this Court's August 18, 2026 order to show cause. (Doc. 33). That order required Plaintiff within forty-five days to provide sufficient information to permit service on Defendant Dr. Paltengni or show cause why he should not be dismissed from this action under Federal Rule of Civil Procedure 4(m). (Doc. 31).

Plaintiff states that he was transferred from USP Victorville to USP Big Sandy on August 1, 2026, and did not receive the order until September 1, 2026. (Doc. 33 at 1–2). He further explains that mental and physical health conditions limit his ability to obtain records and information, and that his access to mailing supplies and services is limited. (*Id.* at 2).

Plaintiff also filed a response to the order to show cause, supported by a declaration and

exhibits. (Doc. 32). He reports that his mother located a medical license, a possible mailing address, a possible telephone number, and several possible practice addresses for Dr. Paltengni. The offices she contacted, however, declined to confirm whether he worked there. (*Id.* at 4–5). Plaintiff acknowledges that he does not know Dr. Paltengni's address but contends that Bureau of Prisons personnel records should contain it. (*Id.* at 3–5).

Plaintiff requests an order under 5 U.S.C. § 552a(b)(11)[1] directing the Government to locate and disclose Dr. Paltengni's address. He also asks the Court to direct the United States Marshals Service to seek address information from boards and the United States Postal Service. (*Id.* at 5–6). In addition, Plaintiff requests a copy of the Government's answer, which he states he did not receive, and a new USM-285 form. (*Id.* at 2, 6).

Plaintiff's transfer and the difficulties he describes establish good cause and excusable neglect for his untimely response. The Court therefore grants his motion for an extension of time. Fed. R. Civ. P. 6(b).

While Plaintiff's response demonstrates good faith in attempting to locate Dr. Paltengni, it does not provide sufficient information to locate and serve Dr. Paltengni. Plaintiff must provide sufficient and accurate information to identify and locate a defendant for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). The unresolved leads and unconfirmed addresses provided here are insufficient. Plaintiff cannot satisfy his obligation by asking the Court or the United States Marshals Service to investigate those leads on his behalf. *See Vaughn v. Wegman*, 2018 WL 1693447, at *1 (E.D. Cal. Apr. 6, 2018) ("Plaintiff is not entitled to a private investigator at tax-payers' expense.").[2] He must provide sufficiently detailed information to permit the United States Marshals Service to effect service. *See Puett*, 912 F.2d at 275.

---

[1] It appears that Plaintiff intended to invoke 5 U.S.C. § 552a(b)(12), which permits disclosure of records by court order.

[2] The Court also notes that Plaintiff's request for an order under § 552a is misplaced; that provision "allows individuals to obtain certain records relating to themselves," *Rojas v. FAA*, 941 F.3d 392, 402 (9th Cir. 2019), it does not provide a mechanism for courts to order disclosure of personal information to a Plaintiff seeking an address for the purpose of service.

Given Plaintiff's stated difficulties and demonstrated good cause, the Court will extend the response deadline to December 20, 2026. In the interests of justice and to facilitate service of process, the Court will direct the Bureau of Prisons to confirm whether it has a last-known address for Dr. Paltengni in its records. The Clerk will also provide Plaintiff with a new USM-285 form and summons.

Accordingly, IT IS ORDERED:

1. Plaintiff's motion for extension of time (Doc. 33) is GRANTED.
2. The Clerk of Court shall send Plaintiff one USM-285 form and one summons.
3. **No later than December 20, 2026**, **Plaintiff** shall deliver to correctional officials for mailing a supplemental response to the August 18, 2026 order to show cause. The response must either: (a) Show cause why Defendant Dr. Paltengni should not be dismissed from this action; or (b) Provide sufficient information to permit the United States Marshals Service to serve Dr. Paltengni by attaching a completed USM-285 form and summons to his response.
4. Plaintiff need not attempt service or request waiver of service. After receiving his supplemental response, the Court will resolve the order to show cause and, if appropriate, direct the United States Marshals Service to serve Dr. Paltengni under Federal Rule of Civil Procedure 4 without prepayment of costs.
5. If Plaintiff fails to respond, show good cause, or provide sufficient information for service, the Court may dismiss Dr. Paltengni from this action without prejudice under Federal Rule of Civil Procedure 4(m).
6. **Within 14 days after service of this Order, Defendant United States** through the Federal Bureau of Prisons, through its designated records custodian or other appropriate official, shall conduct a reasonable search of personnel, employment, and other records within its possession, custody, or control to ascertain whether it maintains a last-known mailing or service address for Dr. Paltengni, formerly a physician at USP Atwater during August 2021 through August 2022.
7. If an address is located, the Bureau shall provide it confidentially to the Clerk of Court or

the United States Marshals Service, in accordance with the Court's procedures, solely for purposes of effectuating service of process. The address shall not be disclosed on the public docket or to Plaintiff absent further order.

8. If no address is located after a reasonable search, the Bureau shall file a declaration describing the categories of records searched and stating that no responsive address was found.

9. Defendant United States of America shall re-serve its Answer (Doc. 28) on Plaintiff.

10. Notwithstanding the Court's directive that the Bureau of Prisons conduct a search for Defendant Paltengni's last-known address, Plaintiff shall **continue** his independent efforts to locate Defendant for purposes of effectuating service of process. The Bureau's search shall supplement, rather than replace, Plaintiff's own reasonable efforts to ascertain Defendant's whereabouts.

11. The Court will defer entry of a case management and scheduling order pending resolution of the issue of service on Defendant Paltengni under Federal Rule of Civil Procedure 4(m).

Dated: October 21, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE